B1 (Official Form 1) (12/11)

| United States Bankruptcy Court Southern District of New York | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**1111 Myrtle Avenue Group LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) /Complete EIN<br>(if more than one, state all): **29-4145767** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) /Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**20 West 47th St.**<br>**New York, NY**<br>ZIPCODE **10036** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>**New York** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address)<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>**1111 Myrtle Avenue, Brooklyn, NY**<br>ZIPCODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☑ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Chapter 15 Debtor**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Nature of Business**
(Check one box.)

- ☐ Health Care Business
- ☑ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☑ Debts are primarily business debts.

**Filing Fee** (Check one box)

- ☑ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

---

Check all applicable boxes:
- ☐ A plan is being filed with this petition
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Voluntary Petition                 Doc 1    Filed 09/01/15    Entered 09/01/15 13:16:02    Main Document
*(This page must be completed and filed in every case)*        Pg 2 of 32  Myrtle Avenue Group LLC

| All Prior Bankruptcy Case Filed Within Last 8 Years (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:**None** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br><span style="font-size:small">Signature of Attorney for Debtor(s)                                    Date</span> |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

    ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

    ☐ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Voluntary Petition
*(This page must be completed and filed in every case)*

Name of Debtor(s): Myrtle Avenue Group LLC

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. (Check only one box.) |

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

---

### Signature of Attorney*

X _____
Signature of Attorney for Debtor(s)

**Kevin J. Nash
Goldberg, Weprin, Finkel,
Goldstein, L.L.P.
1501 Broadway, 22nd Floor
New York, NY 10036
(212) 221-5700
KNash@GWFGlaw.com**

**September 1, 2015**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

**Aaron C. Ambalu**
Printed Name of Authorized Individual

**Manager**
Title of Authorized Individual

**September 1, 2015**
Date

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                           Chapter 11

1111 MYRTLE AVENUE GROUP, LLC,                   Case No.

                            Debtor,
----------------------------------------------------------x

## DEBTOR'S DECLARATION
## PURSUANT TO THE LOCAL BANKRUPTCY RULES

Aaron C. Ambalu declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

1.      I am the current manager of 1111 Myrtle Avenue Group, LLC (the "Debtor") and also serve as the trustee for the respective trusts that hold the Debtor's membership interests for the benefit of Simon Alishaev, Yosef Elishayev and Yuri Alishaev.

2.      I am also counsel for the Alishaev family and have been involved in the underlying sale transaction from the inception. As such, I am fully familiar with the facts and circumstances set forth below.

3.      I submit this Declaration in accordance with Local Bankruptcy Rules in support of the Debtor's filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4.      The purpose of this Declaration is to provide information regarding the Debtor's business, the circumstances prompting the Chapter 11 filing, the Debtor's assets and capital structure, and the Debtor's strategies for reorganization.

5.      The need for Chapter 11 relief emanates out of an ill-motivated litigation strategy being employed by an entity known as Myrtle Property Holdings LLC (the "Defaulting

Purchaser"), which defaulted under its contract to purchase the Debtor's property on July 28, 2015.

6.      Following its own default, the Defaulting Purchaser is now attempting to block a resale of the Debtor's property through a specious claim for specific performance that was filed in the State Court (Index No. 509230/2015) in advance of the actual time set for closing on July 28, 2015. As such, the filing of this lawsuit prior to a closing is premature, and constitutes an obvious effort to frustrate the Debtor and potentially place the Debtor's property in limbo for an extended period of time.

7.      The Debtor is severely prejudiced by the prospect of protracted litigation because it is seeking to effectuate a 1031 tax exchange. Regrettably within last week, the pending lawsuit impeded the Debtor's ability to finalize a contract to acquire a long term 31 year lease for two properties at 25 West 47th Street, New York, New York and 30 West 48th Street, New York, New York from Extell Corporation ("Extell") in furtherance of a 1031 tax exchange.

8.      A contract was prepared and fully negotiated. However, with the intervening lawsuit, Extell became concerned about the Debtor's sources and ability to proceed and the proposed transaction could not be consummated at this time. The principal of Extell, Gary Barnett, is prepared to provide an affidavit to confirm the foregoing.

9.      The Debtor is fearful that without a prompt determination of the parties' rights it will lose out on other potential opportunities. A tax exchange is subject to a number of regulations, one of which is to complete a purchase within a fixed and limited period of time.

10.      Accordingly, the Debtor is seeking to utilize the protections and rights conferred by Chapter 11 to extricate the property from unnecessary legal entanglements in favor

2

of obtaining a relatively prompt resolution of the parties' respective rights under the defaulted contract in bankruptcy so that a 1031 tax exchange may be pursued anew if not with Extell.

### The Debtor's Business and the Need for Chapter 11

11. The Debtor owns certain commercial property located at 1103-1111 Myrtle Avenue, Brooklyn, NY (Block 1584, Lots 39, 50 and 51) (the "Property"). The Property is currently leased to two commercial tenants, with the United States of America occupying most of the commercial space as a Social Security office pursuant to lease dated June 15, 2005. This lease is coming up for renewal and negotiations are ongoing with the Government Service Administration ("GSA"). A commercial retail store occupies the remainder of the premises.

12. Last year, on June 20, 2014, the Debtor entered into a contract of sale (the "Contract") with the Defaulting Purchaser to sell the Property for the sum of $20,500,000. The purchase price includes a total deposit of $7,500,000 funded in stages which was released to the Debtor and subsequently used in connection with the 1031 tax exchange.

13. The Contract provided for a lengthy closing date of April 30, 2015 which was approximately ten (10) months after execution of the Contract. That date was subject to one or more adjournments not to exceed 30 days in the aggregate.

14. Thus, the outside deadline for the transaction to close was May 30, 2015, which functionally gave the Defaulting Purchaser almost a year's time to prepare for closing.

15. In April 2015, the Debtor proceeded under the belief that the transaction was to close in accordance with the terms of the Contract. However, despite repeated inquiry, the Defaulting Purchaser refused to confirm a specific date and time for closing.

3

16.    The Debtor subsequently learned that the Defaulting Purchaser deliberately caused a delay by, among other things, requesting delivery of extraneous documents which would not otherwise be needed until the actual closing.

17.    Moreover, the Debtor also learned that a delay was being engineered because the Defaulting Purchaser intended to assign or "flip" the Contract to a third party although no assignment was permitted under the Contract. In reality, the third party assignee was not ready to proceed prompting the Purchaser to seek additional delays.

18.    After April 28, 2015, the parties explored the possibility of permitting the Defaulting Purchaser to assign the contract to a specified party (Kevin Lalazarian) for payment of an additional sum of $350,000. The discussions were never memorialized by a written agreement although the parties, at one point, anticipated closing with an assignee.

19.    The Debtor again readied itself to close in June. Consistent with prior practices, the Defaulting Purchaser continued to refuse to provide a definitive closing date and time. For example, on June 23, 2015, the undersigned forwarded copies of the Deed and ACRIS information to the Defaulting Purchaser's counsel and sought confirmation of a specific closing date and time. The undersigned also communicated with the Defaulting Purchaser's title company (Reliable Abstract) regarding the balance of closing items, all with the intention of actually closing on June 30, 2015 at 2:30 p.m.

20.    On June 29, 2015, the Defaulting Purchaser unilaterally attempted to change the location of the closing while failing to confirm that it was actually prepared to go forward. Due to the short notice, the Debtor was not in a position to accept a change of location and requested that the closing proceed as previously indicated. Nevertheless, on the morning of

4

June 30, I attempted to confirm a closing for later that afternoon only to be told without further explanation that the closing would not occur.

21.     I then learned from the Defaulting Purchaser's title company that it was never actually contacted about a closing for June 30, 2015 in any event. When pressed as to why its title company had not been informed of the purported closing, the Defaulting Purchaser's counsel could only provide the dubious explanation that his client had allegedly changed title companies without notifying anyone. The Debtor found this explanation incredible and only served to confirm that the Defaulting Purchaser had no ability to close on June 30, 2015 notwithstanding any self-serving emails to the contrary.

22.     On July 2, 2015, I again requested new closing dates. Nothing was forthcoming, and by this time the Debtor's patience was exhausted. Accordingly, a final closing demand was issued on July 14, 2015 via Overnight Delivery, requiring the Defaulting Purchaser or its assignee to close on July 28, 2015 (time of the essence).

23.     We submit that providing the Defaulting Purchaser another two weeks' additional notice to close was more than reasonable under the circumstances given the extended period to close to begin with, the prior lapsed deadlines and the Defaulting Purchaser's purported assurances of having been ready to close weeks earlier.

24.     On the appointed day of July 28, 2015, the Debtor convened a closing, only to witness the Defaulting Purchaser abruptly leave and then return to the closing table, never once tendering its performance. In an act of pure gamesmanship, the Defaulting Purchaser instead served the Debtor with an action for specific performance that apparently had been filed just minutes prior to the closing, wrongly alleging that setting a time of the essence closing date of July 28, 2015 was purportedly unreasonable.

5

25.    Somehow the Defaulting Purchaser had time to focus on starting a lawsuit, but no time to actually prepare for closing. Undaunted, the Debtor proceeded with the closing, made a tender of all deliveries as required by the Contract and declared the Defaulting Purchaser in default.

26.    The Defaulting Purchaser's breach of the Contract and failure to close represents a clear and unjustified threat to consummation of any future 1031 transaction.

27.    Moreover, the institution of litigation by the Defaulting Purchaser (despite the lack of merit in the complaint) potentially constitutes a default under the existing mortgage with United International Bank and could severely complicate pending negotiations with GSA.

28.    Given the confluence of these events, it is the Debtor's considered business judgment that the Property needs to be sold promptly, while Chapter 11 offers the best and most efficient way to counteract the Defaulting Purchaser's wrongful attempts to hold the Property hostage.

29.    To move the process forward, the Debtor intends to couple the Chapter 11 filing with commencement of an adversary proceeding declaring the Contract terminated and forfeiting the deposit as liquidated damages. The Debtor also intends to use Chapter 11 to procure another purchaser for the Property so it can proceed with a 1031 tax exchange.

### Other Relevant Financial Information

30.    Pursuant to Bankruptcy Rule 1007(d), a list containing the names and addresses of the creditors holding unsecured non-disputed claims against the Debtor is annexed hereto.

6

31.    The Debtor's secured creditor is:

United International Bank                  $ 6,181,802.00
41-60 Main Street                         First Mortgage
Flushing, New York 11355

32.    As indicated above, there are two commercial tenants at the Property, generating total monthly rents of $90,000 per annum ($77,500 from the United States Social Security Administration, and $12,667.70 from Eagle 99 Cents Store, Inc.)  Total monthly expenses range around $65,000 per month, depending on the needs of the property most of which includes amortization, debt service at tax escrow to United International Bank, totaling approximately $60,000.  Thus, the property generates a healthy positive net operating income.

Dated: New York, New York
       September 1, 2015

Aaron C. Ambalu, Manager

x:\gwfg\new data\yen\word\1111 myrtle avenue\local rule affidavit 9-1-15 v4.doc

7

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                  Chapter 11

1111 MYRTLE AVENUE GROUP, LLC,                          Case No.

                                Debtor,
------------------------------------------------------------x

## <u>LIMITED LIABILITY COMPANY RESOLUTION</u>

At a special meeting of the members of 1111 Myrtle Avenue Group LLC (the

"Company") held on September 1, 2015 and after motion duly made, seconded and unanimously

carried, it was:

> **RESOLVED**, that Aaron C. Ambalu, as manager of the Company,
> pursuant to the Amended Operating Agreement is authorized to
> execute a bankruptcy petition under Chapter 11 of the United
> States Bankruptcy Code on behalf of the Company and to cause
> the filing thereof on behalf of the Company; and it is further

> **RESOLVED**, that the Company is authorized to retain the law
> firm of GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP, as
> bankruptcy counsel for the purpose of filing the Chapter 11
> petition on its behalf.

Dated: New York, New York
       September 1, 2015

                              1111 Myrtle Avenue Group LLC

                       By: _____
                              Name:  Aaron C. Ambalu
                              Title:   Manager

B4 (Official Form 4) (12/07)

15-12454-scc    Doc 1    Filed 09/01/15    Entered 09/01/15 13:16:02    Main Document
Pg 12 of 32
United States Bankruptcy Court
Southern District of New York

IN RE:                                                                    Case No. _____

1111 Myrtle Avenue Group LLC                                             Chapter 11
_____
                        Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| (1)<br>Name of creditor and complete mailing address including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| Best Carpets & Interiors<br>270 Market St.<br>Saddle Brook, NJ  07663 | (201) 880-5888 | | Unliquidated | 20,896.45 |
| NYC Water Board<br>PO Box 11863<br>Newark, NJ  07101 | | | | 19,016.16 |
| Judi Construction Corp.<br>1241 East 66th St.<br>Brooklyn, NY  11234 | (718) 915-7352 | | Unliquidated | 9,190.02 |
| Consolidated Edison Company Of NY<br>4 Irving Place, Room 1875-S<br>Attn: Bankruptcy Group<br>New York, NY  10003 | | Services | | 6,980.90 |
| Zahmel<br>62-35 30th Ave.<br>Woodside, NY  11377 | (718) 274-0316 | | | 1,760.15 |
| Equal Carpet<br>47-07 Broadway<br>Astoria, NY  11103 | 718-204-5787 | | | 869.59 |
| PMK Best Quality Inc.<br>137-18 88th St.<br>Ozone Park, NY  11417 | (646) 591-1920 | | Unliquidated | 820.00 |
| Filco<br>111 Gardner Ave.<br>Brooklyn, NY  11237 | (718) 456-5000 | | Unliquidated | 778.25 |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, [the president *or* other officer *or* an authorized agent of the corporation][*or* a member *or* an authorized agent of the partnership] named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date: **September  1, 2015** _____        Signature: _____

                                        **Aaron C. Ambalu, Manager**
                                        _____
                                                                    (Print Name and Title)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                    Chapter 11

1111 MYRTLE AVENUE GROUP, LLC,            Case No.

                        Debtor,
-------------------------------------------------------------x

## EQUITY INTEREST HOLDERS

| | |
|---|---|
| The Myrtle Avenue Trust No. 1 | 33.33% |
| The Myrtle Avenue Trust No. 2 | 33.33% |
| The Myrtle Avenue Trust No. 3 | 33.33% |

Dated: New York, New York
       September 1, 2015

                    1111 Myrtle Avenue Group LLC

                    By: _____
                        Name:  Aaron C. Ambalu
                        Title:   Manager

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                          Chapter 11

1111 MYRTLE AVENUE GROUP, LLC,                  Case No.

                              Debtor,
------------------------------------------------------------x

## RULE 7.1 CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, 1111 Myrtle Avenue Group LLC

certifies that it is a private non-governmental party, and has no corporate parent, affiliates and/or

subsidiaries which are publicly held.

Dated: New York, New York
          September 1, 2015

                              1111 Myrtle Avenue Group LLC

                              By: _____
                                  Name:   Aaron C. Ambalu
                                  Title:   Manager

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                          Chapter 11

1111 MYRTLE AVENUE GROUP, LLC,                  Case No.

                              Debtor,
-------------------------------------------------------------x

## SCHEDULE OF LAWSUITS

1.    Myrtle Property Holdings LLC v. 1111 Myrtle Avenue Group LLC
      Supreme Court, Kings County
      Index No.  509230/2015

      Attorney for Plaintiff:
      Herrick, Feinstein LLP
      2 Park Avenue
      New York, NY 10016

2.    Roberto Enamorado v. 1111 Myrtle Avenue Group LLC
      Supreme Court, Kings County
      Index No. 5433-2015

      Attorney for Plaintiff:
      Robert J. Eisen
      150 Broadway
      New York, NY 10038

Dated: New York, New York
       September 1, 2015

                          1111 Myrtle Avenue Group LLC

                    By:  _____
                          Name:  Aaron C. Ambalu
                          Title:   Manager

**United States Bankruptcy Court**
**Southern District of New York**

IN RE: _____    Case No. _____

1111 Myrtle Avenue Group LLC _____    Chapter 11
                    Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 22,000,000.00 | | |
| B - Personal Property | Yes | 3 | $ 7,685,301.02 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 6,167,670.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | $ 60,311.52 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | $ |
| J - Current Expenditures of Individual Debtor(s) | No | | | | $ |
| TOTAL | | 12 | $ 29,685,301.02 | $ 6,227,981.52 | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Real property located at 1101 1103 and 1123 Myrtle Avenue, Brooklyn, New York, Block 1584, Lot 39, 50 and 51 | | | 22,000,000.00 | 6,167,670.00 as of August 17, 2015 |
| | | TOTAL | 22,000,000.00 | |

(Report also on Summary of Schedules)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **United International Bank as of July 31, 2015** | | 5,547.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | **Debtor holds a security deposit of $36,000 established by the commercial retail store.** | | 36,000.00 |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | | Tenant reimbursements for taxes, water and electric which have accrued over prior years and remains unpaid.<br><br>(a) GSA - $87,274.61<br><br>(b) D&L Dollar - $56,479.41 | | 143,754.02 |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Claim against Myrtle Property Holdings LLC to retain $7,500,000 as liqudated damages -<br>Monies on deposit at JPMorgan Chase Bank.<br>Loans to affiliates | | 7,500,000.00<br><br>To be completed |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Debtor(s)                                                                Case No.
                                                                              (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | TOTAL | 7,685,301.02 |

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

_____ 0 continuation sheets attached

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Filed 09/01/15   Entered 09/01/15 13:16:02   Main Document
                        Pg 21 of 32

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> **Myrtle Property Holdings LLC** <br> **390 Berry St., Ste. 200** <br> **Brooklyn, NY 11249** | | | **Terminated rights under contract of sale** <br><br><br> VALUE $ | X | X | X | to be determine | |
| ACCOUNT NO. <br><br> **Herrick Feinstein LLP** <br> **Two Park Ave.** <br> **New York, NY 10016** | | | **Assignee or other notification for:** <br> **Myrtle Property Holdings LLC** <br><br><br> VALUE $ | | | | | |
| ACCOUNT NO. <br><br> **United International Bank** <br> **41-60 Main Street** <br> **Flushing, NY 11355** | X | | **First Mortgage** <br><br><br> VALUE $ **22,000,000.00** | | | | **6,167,670.00** | |
| ACCOUNT NO. <br><br><br><br> | | | VALUE $ | | | | | |

**0** continuation sheets attached

| | | |
|---|---|---|
| Subtotal (Total of this page) | $ 6,167,670.00 | $ |
| Total (Use only on last page) | $ 6,167,670.00 | $ |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6E (Official Form 6E) (04/10)

IN RE 115 Fifth Avenue Group LLC   Filed 09/01/15   Entered 09/01/15 13:16:02   Main Document
                    Debtor(s)                    Pg 22 of 32              Case No. _____
                                                                              (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____ 1 continuation sheets attached

B6E (Official Form 6E) (04/10) - Cont.

IN RE 115-M-245-Ave60e Gb0-c1-c   Filed 09/01/15   Entered 09/01/15 13:16:03   Main Document
                    Debtor(s)              Pg 23 of 32                    Case No.
                                                                    (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Taxes and Other Certain Debts Owed to Governmental Units
(Type of Priority for Claims Listed on This Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Internal Revenue Service**<br>**PO Box 7346**<br>**Philadelphia, PA 19101-7346** | | | **Notice Purposes** | | X | X | 0.00 | | |
| ACCOUNT NO.<br>**NYC Dept Of Finance**<br>**Attn: Legal Affairs**<br>**345 Adams Street, 3rd Floor**<br>**Brooklyn, NY 11201** | | | **Notice Purposes** | | X | X | 0.00 | · | |
| ACCOUNT NO.<br>**NYC Corporation Counsel**<br>**Tax and Bankruptcy Litigation Division**<br>**100 Church Street, Room 5-233**<br>**New York, NY 10007** | | | **Assignee or other notification for:**<br>**NYC Dept Of Finance** | | | | | | |
| ACCOUNT NO.<br>**NYS Dept Of Taxation**<br>**Bankruptcy/Special Procedure**<br>**P.O.Box 5300**<br>**Albany, NY 12205-0300** | | | **Notice Purposes** | | X | X | 0.00 | | |
| ACCOUNT NO.<br>**Eric T. Schneiderman**<br>**Office Of The Attorney General**<br>**The Capitol**<br>**Albany, NY 12224-0341** | | | **Assignee or other notification for:**<br>**NYS Dept Of Taxation** | | | | | | |
| ACCOUNT NO. | | | | | | | | | |

Sheet no. ___**1**___ of ___**1**___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

Subtotal
(Totals of this page) $          $          $

Total
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) $

Total
(Use only on last page of the completed Schedule E. If applicable,
report also on the Statistical Summary of Certain Liabilities and Related Data.)          $          $

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07)

IN RE 115 M.245 Avenue Group LLC    Filed 09/01/15    Entered 09/01/15 13:16:02    Main Document
                    Debtor(s)              Pg 24 of 32                    Case No.            (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>**Best Carpets & Interiors**<br>**270 Market St.**<br>**Saddle Brook, NJ  07663** | | | | X | | | 20,896.45 |
| ACCOUNT NO.<br><br>**Consolidated Edison Company Of NY**<br>**4 Irving Place, Room 1875-S**<br>**Attn: Bankruptcy Group**<br>**New York, NY  10003** | | | | | | | 6,980.90 |
| ACCOUNT NO.<br><br>**Equal Carpet**<br>**47-07 Broadway**<br>**Astoria, NY  11103** | | | | | | | 869.59 |
| ACCOUNT NO.<br><br>**Filco**<br>**111 Gardner Ave.**<br>**Brooklyn, NY  11237** | | | | X | | | 778.25 |

<u>    1</u> continuation sheets attached

| | Subtotal (Total of this page) | $  29,525.19 |
|---|---|---|
| | Total<br>(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE 115 M 254 Avenue Group LLC    Filed 09/01/15    Entered 09/01/15 13:16:02    Main Document
                Debtor(s)          Pg 25 of 32          Case No. _____
                                                              (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Judi Construction Corp.<br>1241 East 66th St.<br>Brooklyn, NY  11234 | | | | | X | | 9,190.02 |
| ACCOUNT NO.<br>New York City Environmental Control<br>144-06 94th Avenue, Main Floor<br>Jamaica, NY  11435 | | | | X | X | | unknown |
| ACCOUNT NO.<br>NYC Office Of Administrative Trials<br>Attn: John Macron<br>66 John St, 10th Fl.<br>New York, NY  10038 | | | Assignee or other notification for:<br>New York City Environmental Control | | | | |
| ACCOUNT NO.<br>NYC Water Board<br>PO Box 11863<br>Newark, NJ  07101 | | | | | | | 19,016.16 |
| ACCOUNT NO.<br>PMK Best Quality Inc.<br>137-18 88th St.<br>Ozone Park, NY  11417 | | | | | X | | 820.00 |
| ACCOUNT NO.<br>Roberto Enamorado<br>C/O Robert J. Eisen, Esq.<br>150 Broadway<br>New York, NY  10038 | | | Alleged personal injury | | X | X | unknown |
| ACCOUNT NO.<br>Zahmel<br>62-35 30th Ave.<br>Woodside, NY  11377 | | | | | | | 1,760.15 |

Sheet no. ___1___ of ___1___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

|  | Subtotal (Total of this page) | $ | 30,786.33 |
|---|---|---|---|
|  | Total (Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 60,311.52 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6G (Official Form 6G) (12/07)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Eagle 99 Cents Store, Inc. | Debtor is landlord under commercial lease dated June 16, 2006 covering premises known as 1111 Myrtle Avenue, Brooklyn, New York. |
| United States Of America | Debtor is landlord under commerical lease dated June 15, 2005 covering premises known as 1111 Myrtle Avenue, Brooklyn, New York. |
| Myrtle Property Holdings LLC 390 Berry St., Ste. 200 Brooklyn, NY  11249 | Debtor's contract to sell its property to Myrtle Property Holdings LLC which Debtor contends has been terminated by reason of buyer's failure to close on July 28, 2015 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6H (Official Form 6H) (12/07)

IN RE 1115 Myrtle Avenue Group LLC    Filed 09/01/15    Entered 09/01/15 13:16:03.    Main Document
Debtor(s)                          Pg 27 of 32                          Case No.
(If known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Simon Alishaev<br>C/O 1111 Myrtle Avenue Group LLC<br>20 West 47th Street<br>New York, NY  10036 | United International Bank<br>41-60 Main Street<br>Flushing, NY  11355 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Filed 09/01/15   Entered 09/01/15 13:16:03   Main Document
Pg 28 of 32

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____   Signature: _____
                                                                                    Debtor

Date: _____   Signature: _____
                                                                              (Joint Debtor, if any)
                                                      [If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer

Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

_____

_____
Address

_____
Signature of Bankruptcy Petition Preparer

_____
Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Manager** _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the **1111 Myrtle Avenue Group LLC** _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **13** sheets (*total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date: **September  1, 2015** _____   Signature: _____

Aaron C. Ambalu    Manager
                                                      (Print or type name of individual signing on behalf of debtor)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE:                                                                    Case No. _____

<u>1111 Myrtle Avenue Group LLC</u> _____    Chapter <u>11</u>_____
                                    Debtor(s)

## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) hereby verify(ies) that the attached matrix listing creditors is true to the best of my(our) knowledge.


Date: <u>September  1, 2015</u>_____    Signature: _____
                                                        <u>Aaron C. Ambalu, Manager</u>
                                                                                                    Debtor


Date: _____    Signature: _____
                                                                                              Joint Debtor, if any

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Best Carpets & Interiors
270 Market St.
Saddle Brook, NJ   07663


Consolidated Edison Company Of NY
4 Irving Place, Room 1875-S
Attn: Bankruptcy Group
New York, NY   10003


Equal Carpet
47-07 Broadway
Astoria, NY   11103


Eric T. Schneiderman
Office Of The Attorney General
The Capitol
Albany, NY   12224-0341


Filco
111 Gardner Ave.
Brooklyn, NY   11237


Herrick Feinstein LLP
Two Park Ave.
New York, NY   10016


Internal Revenue Service
PO Box 7346
Philadelphia, PA   19101-7346


Judi Construction Corp.
1241 East 66th St.
Brooklyn, NY   11234

Myrtle Property Holdings LLC
390 Berry St., Ste. 200
Brooklyn, NY  11249


New York City Environmental Control
144-06 94th Avenue, Main Floor
Jamaica, NY  11435


NYC Corporation Counsel
Tax and Bankruptcy Litigation Division
100 Church Street, Room 5-233
New York, NY  10007


NYC Dept Of Finance
Attn: Legal Affairs
345 Adams Street, 3rd Floor
Brooklyn, NY  11201


NYC Office Of Administrative Trials
Attn: John Macron
66 John St, 10th Fl.
New York, NY  10038


NYC Water Board
PO Box 11863
Newark, NJ  07101


NYS Dept Of Taxation
Bankruptcy/Special Procedure
P.O.Box 5300
Albany, NY  12205-0300


PMK Best Quality Inc.
137-18 88th St.
Ozone Park, NY  11417

Roberto Enamorado
C/O Robert J. Eisen, Esq.
150 Broadway
New York, NY   10038


Simon Alishaev
C/O 1111 Myrtle Avenue Group LLC
20 West 47th Street
New York, NY   10036


United International Bank
41-60 Main Street
Flushing, NY   11355


Zahmel
62-35 30th Ave.
Woodside, NY   11377